UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cr-00193-JPH-MJD ) |
| ASA L. VETTERS, | ) -17 ) |
| Defendant. | ) |

**ORDER ON CLAIM TO SEIZED PROPERTY**

Defendant Asa Vetters was sentenced in May 2022 for conspiracy to distribute controlled substances. Dkt. 686; dkt. 691. During its investigation, the government seized property related to that charge, including a Palmetto State Armory rifle, a Tennessee Arms rifle, a Ruger 9mm pistol, a Bersa .380 caliber pistol, and ammunition. *See* dkt. 691 at 6. In May 2022, the Court ordered that Mr. Vetters forfeited his interest in that property as part of the judgment in this case. *Id.*

The government received a third-party claim to that property in August 2022 from claimant Joshua Black. Dkt. 1439. Mr. Black claimed that he owns the property, but that it was stolen while he was deployed. Dkt. 1439-2 at 5–6. The government has filed a motion to strike the claim, arguing that Mr. Black's conclusory claim does not support ownership. Dkt. 1439; dkt. 1440. Mr. Black did not respond.

Federal Rule of Criminal Procedure 32.2 allows third parties to file "a petition asserting an interest in the property to be forfeited" in a criminal case.

Fed. R. Cr. P. 32.2(c)(1).  If a petition is filed, it begins an "ancillary proceeding," which "closely resembles a civil action."  *United States v. Furando*, 40 F.4th 567, 575 (7th Cir. 2022).  The Court "may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason."  Fed. R. Cr. P. 32.2(c)(1)(A).  The petition must "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought."  21 U.S.C. § 853(n)(3).  If it does not "allege . . . all elements necessary for recovery . . . the court may dismiss the petition without providing a hearing."  *Furando*, 40 F.4th at 577.

    Here, Mr. Black alleges only that he "own[s] all the items in the asset ID" but that they were stolen from him.  Dkt. 1439-2.  He provides no information about when or how he became their owner, as required by 21 U.S.C. § 853(n)(3).  *See id.*  And he did not respond with that information when the government requested it.  *See* dkt. 1439-3; dkt. 1439-4; dkt. 1439-5; dkt. 1439-6.  Asserting such a "'conclusory legal interest' falls short of meeting the requirements of § 853(n)(3)."  *Furando*, 40 F.4th at 577 (quoting *United States v. Fabian*, 764 F.3d 636, 638 (6th Cir. 2014)).  So, "in the absence of facts or evidence showing the time and circumstances of a petitioner's acquisition of the right, title, or interest in the property, the Petition is deficient."  *Id.*

    While Mr. Black's petition is deficient under 21 U.S.C. § 853(n)(3), claimants should generally have "the opportunity to amend their petition to

provide information to satisfy § 853(n)(3) (if they have it)." *Furando*, 40 F.4th at 579. Mr. Black therefore shall have **through March 15, 2024** to file an amended claim, under penalty of perjury, addressing the issues identified in this order. *See* 21 U.S.C. § 853(n)(3). If Mr. Black responds with a complete petition, he will be required to respond to the government's discovery requests. *See* Fed. R. Cr. P. 32.2(c)(1)(B). If he does not respond, the government's motion to strike his claim will be granted.

**SO ORDERED.**

Date: 2/22/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

Joshua Black
2218 Bridgewater Circle, Unit B
Lafayette, IN 47909